(No. 4917-■■■■■■

ARTHUR H. KROLL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 18, 1963.*

COSTIGAN, WOLLRAB AND YODER, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; WILLIAM SOUTH, Assistant Attorney General, for Respondent.

FEARER, J.

This is a claim for property damage in the sum of $1,500.00 as a result of an accident, which claimant had on August 17, 1959, at or about the hour of 9:20 P.M.

Claimant at said time was driving his 1959 Nash Rambler in a northerly direction on U. S. Route No. 51, approximately ten miles north of Normal, McLean County, Illinois, north of a ''T'' intersection on said highway and the Lake Bloomington Road, which, at said time, was undergoing repairs and reconstruction under contract entered into with the Division of Highways. This stretch of road was under the jurisdiction of the State of Illinois.

Claimant, a resident of Mesa, Arizona at said time, was en route from his home to the State of Wisconsin.

Within the vicinity where the accident occurred, the pavement narrowed from a two lane 24 foot pavement to an 18 foot pavement. The evening was clear, the highway was dry, even though it had rained earlier in the day, and visibility was good.

Claimant ran off of the highway into a depressed area on the shoulder described as a hole, but the exact point where he ran off is in dispute. The tires on the righthand side of his car blew out, and his car in coming back onto the highway rolled over several times, and came to rest on the west side of the road up against a bank. There were extensive damages to his automobile, and his claim consists of costs of repair, traveling expenses, meals, and loss of earnings.

The claim is predicated upon failure of respondent to properly post and warn the traveling public of the

hole in the shoulder and the narrowing of the pavement. It is contended that respondent had either actual or constructive notice of this condition, and that its negligence in failing to properly warn the public caused claimant's automobile to run off of the highway, which was the proximate cause of the accident resulting in the damages alleged.

Claimant called as one of his witnesses, Merle Duane Holliger, who was a State Trooper riding in the area in question on the date of the accident.

The accident report was marked as claimant's exhibit No. 1, and offered in evidence. However, accident reports are not admissible in evidence in the trial of cases of this kind, and cannot be considered as evidence. The accident report, however, was used by this witness to refresh his recollection, which, of course, is perfectly proper upon laying the proper foundation of exhausting his memory as to the facts determined by his investigation.

Briefly, he testified that the road was under reconstruction; that he found that claimant had slipped off of the pavement first, and then later ran into a hole; that he determined that both tires on the righthand side had blown out; that the car came back onto the highway, crossed the road, and came to rest on the west bank headed south. He described the hole or depressed area as being one and one-half to two feet in length, and about one foot in depth. He testified that there were road improvement signs, a sign advising the traveling public that the pavement narrowed, and that there were signs advising of the resurfacing of the highway. He testified that there were barricades all along the construction area, some having flashers, and some without flashers, and that there were wooden horses painted yellow and black. He further testified that the pavement was dry, the skies

were clear, and there were no obstructions to visibility. He determined that claimant had traveled approximately sixty feet on the narrow pavement before his car left the pavement, and that his car came to rest approximately one hundred and fifty feet from the hole in the shoulder. He stated the flashers were working on the barricades, and that there were many such flashers within the entire area.

Claimant then called as his next witness, William R. Woosley, who was a farmer within the area where the accident occurred, and who had occasion to drive this road approximately twice a day.

He testified that there was a hole on the shoulder just beyond the barricade, and that the hole was not too wide, but was maybe three feet long and a foot deep. He further testified that there was a sign advising that the roadway narrowed, and that there were barricades with flashers on them.

There were no other witnesses called, other than claimant himself, who testified that he did not see any signs or barricades, and that the accident happened so quickly that he didn't see the hole. He made no complaint to the State Trooper about lack of signs or barricades advising him of the condition of the roadway. He did, however, testify that he knew the road was under construction, but that he was only driving between 45 and 50 m.p.h. His testimony concluded with his bills and claim for damages.

Respondent called Ferdinand Mariani, who was a civil engineer for the Division of Highways, and was the resident engineer on this project. He testified as to the type of project, the signs advising the traveling public of the narrowing of the pavement, and the barricades with flashers in existence at the time of the accident. He

further testified that there were four construction signs and pavement narrow signs, and that one-half of the barricades were reflectorized.

The only other witness called by the State was Leo Eaton, the contractor, who further verified all of the signs, barricades and flashers. He further testified that he did not see any hole in the shoulder, which would cause a car to go out of control. We have held many times, of course, that the State of Illinois is not an insurer of all persons who travel upon its highways. We have also held that the State of Illinois is not obligated to keep its shoulders in the same condition as it would the paved portion of the road.

Claimant is the only witness, who did not see the warning signs as to the pavement narrowing or as to the construction work.

From the evidence, we find that claimant had sufficient notice that there was construction work ahead, and that the pavement narrowed, and that he should have had his automobile under proper control so that it would not run off the road onto the shoulder.

Furthermore, it does not appear from the evidence that it was the hole in the shoulder, which was the proximate cause of the accident, causing his tires to blow out, but it could just as well have been his failure to heed the warning of the narrowing of the pavement, the running off onto the shoulder before he got to the hole, and attempting to pull back onto the road too suddenly without keeping his car under control, which caused his tires to blow out, and his car to overturn and travel another 150 feet.

We find that claimant has not maintained the burden of proving first that he was free from contributory negligence, and, secondly, that it was the negligence of the

State in the maintenance of the highway and failure to give sufficient warning, which was the proximate cause of the accident resulting in the damages suffered by claimant.

It is, therefore, the order of this Court that claimant's claim is hereby denied.